UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL GOLDMAN,

           Plaintiff,

     -against-

RICHARD R. RIO,

           Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-2343 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 1 6 2018 ★
BROOKLYN OFFICE

**ANN M. DONNELLY, United States District Judge:**

The plaintiff, a disbarred attorney, brings this *pro se* action against his former law partner, alleging that he is entitled to recover a share of the assets of his former partnership. Liberally construed, the plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 and the New York State Partnership Law. The plaintiff has paid the requisite filing fee to initiate the action. For the reasons stated below, the plaintiff is directed to show cause by written affirmation, within twenty days of the date of this memorandum and order, why this action should not be dismissed.

## BACKGROUND

The plaintiff and the defendant formed a partnership for a legal practice known as Goldman & Rio, Esqs., which existed until May 18, 2004, when the plaintiff was suspended from the practice of law. *Matter of Goldman*, 777 N.Y.S.2d 89 (1st Dep't 2004). The suspension was based on six complaints against the plaintiff regarding, among other things, the mishandling of escrow funds. The Goldman & Rio partnership terminated as a matter of law when the plaintiff was suspended. At that point, the defendant established a new firm, Law Offices of Richard R. Rio, PLLC ("Rio PLLC"); the plaintiff had no connection or involvement with the defendant's new firm. The plaintiff was disbarred on October 11, 2005. *Matter of*

*Goldman*, 804 N.Y.S.2d 18 (1st Dep't 2005). On October 16, 2005, the plaintiff filed for Chapter 7 bankruptcy under 11 U.S.C. § 701, *et seq.* In his bankruptcy petition, the plaintiff listed the defendant, Goldman & Rio, and Rio PLLC as creditors. There were no assets listed from which creditors could be paid. On June 5, 2006, the United States Bankruptcy Court for the Eastern District of New York granted the plaintiff a discharge in bankruptcy pursuant to 11 U.S.C. § 727. *See In Re: Michael Larry Goldman*, No. 08-05-90263-sb.

On September 26, 2006, the plaintiff commenced an action in the Supreme Court of the State of New York, Nassau County, to compel the defendant to account with regard to Goldman & Rio. Although he had listed the defendant as a creditor, he now claimed that he was entitled to a share of the assets of Goldman & Rio, *see Goldman v. Rio*, 853 N.Y.S.2d 837 (N.Y. Sup. Ct. 2008); the plaintiff sought to recover the value of his share of the assets of Goldman & Rio and his share of the legal fees from work he did before he was suspended.

On January 28, 2008, the New York Supreme Court granted the defendants' motion to dismiss, ruling that the plaintiff lacked standing to bring this suit as a result of his bankruptcy. *Id.* The court found that the plaintiff was judicially estopped from asserting that the defendant or Goldman & Rio owed him any money because he claimed the defendant and Goldman & Rio as creditors in his bankruptcy proceeding, and admitted that he owed the defendant and Goldman & Rio at least $75,000.00; when the plaintiff received his bankruptcy discharge—premised on his debt to the defendant and Goldman & Rio—the plaintiff was estopped from claiming that the defendant and Goldman & Rio owed him money. Therefore, the court dismissed the complaint for lack of standing and based on judicial estoppel. *Id.* The plaintiff's motion to renew and

reargue was denied. *Goldman v. Rio*, 872 N.Y.S.2d 690 (Sup. Ct. 2008), *aff'd in part, dismissed in part*, 879 N.Y.S.2d 199 (2d Dep't 2009).

Thereafter, the plaintiff filed a second action in the Supreme Court for an accounting against his former law partner, seeking an accounting of partnership affairs. The court dismissed the plaintiff's complaint as barred by *res judicata*. The Appellate Division, Second Department, affirmed the lower court's decision, and noted that the plaintiff commenced the action after the conclusion of a prior action in the same court involving the same parties and issues. Thus, the court held that the lower court properly granted defendant's motion to dismiss the complaint on the ground that the action was barred by the doctrine of *res judicata*. *See Goldman v. Rio*, 961 N.Y.S.2d 288 (2d Dep't 2013).

In this complaint, the plaintiff renews his claim that he was entitled to share in Goldman & Rio's assets, and seeks an accounting and monetary damages, including $124,675.38 that the plaintiff says he paid to clients and other parties upon dissolution of the partnership.

## STANDARD OF REVIEW

As a general matter, a court reviewing *pro se* pleadings should hold the plaintiff "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). The plaintiff is not entitled to that solicitude, however, because he was a practicing lawyer. *See Colliton v. Bunt*, 709 Fed. Appx. 82, 83 (2d Cir. 2018) (summary order) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented.")); *accord United*

*States v. Pierce*, 649 Fed. Appx. 117, 118 n.1 (2d Cir. 2016) (summary order) (denying special solicitude to *pro se* litigant who was disbarred attorney); *Aretakis v. Caesars Ent.*, No. 16–CV–8751, 2018 WL 1069450, at *5 (S.D.N.Y. Feb. 23, 2018).

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *see also Hawkins–El III v. AIG Federal Savings Bank*, 334 Fed. Appx. 394, 395 (2d Cir. June 18, 2009) (summary order) (affirming district court's *sua sponte* dismissal of frivolous complaint even though plaintiff had paid required filing fee); *Paige v. City of New York*, No. 10–CV–5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010).

## DISCUSSION

The Full Faith and Credit Act requires federal courts to give state court judgments "the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . from which they are taken." *Wiederspan v. Republic of Cuba*, 246 F. Supp. 3d 873, 876 (S.D.N.Y. 2017) (alteration in original) (quoting 28 U.S.C. § 1738).

Under the doctrine of *res judicata*, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Specifically, *res judicata* bars re-litigation when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *accord*

*Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). The plaintiff's claims appear to be barred by *res judicata* because: (1) the plaintiff brings claims that he raised or could have raised in his two state court actions; (2) the claims in the prior actions were adjudicated on the merits, and (3) the prior actions involved the plaintiff. *See Goldman v. Rio*, 961 N.Y.S.2d 288 (2d Dep't 2013) (affirming the dismissal of the plaintiff's action seeking an accounting against his former law partner, based on *res judicata*).

Even if the plaintiff's claims are not barred by *res judicata*, they appear to be barred by collateral estoppel. The doctrine of collateral estoppel, or issue preclusion, prevents parties from relitigating "an issue of fact or law that was clearly raised in a prior action where the party to be precluded . . . had a full and fair opportunity to litigate the issue, and a decision was necessary to support a valid and final judgment on the merits." *Envtl. Def. v. U.S. Envtl. Prot. Agency*, 369 F.3d 193, 202 (2d Cir. 2004) (citation omitted). Under New York law, collateral estoppel bars relitigation of an issue when: "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). The plaintiff's claims against the defendant appear to be barred by collateral estoppel because they are almost identical to those he raised in his two state court actions. Moreover, the claims arise out of the same nucleus of facts, and involve the same defendant.

In any event, to the extent that the plaintiff seeks an accounting and damages, his claims appear to be time-barred. The plaintiff's right to an accounting accrued upon the dissolution of the partnership in 2004, and must be commenced within six years. *See* N.Y. Partnership Law § 74; CPLR 213; *Scholastic, Inc. v. Harris*, 259 F.3d 73, 90 (2d Cir. 2001) ("New York law

provides that partners are entitled to an accounting of a partnership following its dissolution."); *Slinin v. Shnaider*, No. 15–CV–9674, 2017 WL 464426, at *6 (S.D.N.Y. Feb. 2, 2017) (a request for an accounting must be commenced within six years of dissolution of partnership). The plaintiff filed this action fourteen years after the dissolution of the partnership; thus, his claims for an accounting and damages appear to be time-barred.

## CONCLUSION

Accordingly, the plaintiff is directed to show cause in writing, within twenty days of the date of this memorandum and order, why his complaint should not be dismissed as set forth above. If the plaintiff fails to respond within the time allowed or show good cause why he cannot comply, judgment may enter.

Although the plaintiff paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

                                                  s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
         May 16, 2018