FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 13 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL GOLDMAN,

        Plaintiff,

    -against-

RICHARD R. RIO,

        Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

18-CV-2343 (AMD)

**ANN M. DONNELLY, United States District Judge:**

The plaintiff, Michael Goldman, brings this *pro se* action against his former law partner, alleging that he is entitled to recover a share of the assets of his former partnership. On May 16, 2018, I issued a memorandum and order directing the plaintiff to show cause why this action should not be dismissed. After receiving the plaintiff's response, I issued an order on August 13, 2018, dismissing the complaint for the reasons stated in the May 16, 2018 memorandum and order. The plaintiff filed a motion for reconsideration, seeking an order rescinding the August 13, 2018 order, vacating the subsequent August 15, 2018 clerk's judgment, and replacing the order with an order permitting this action to proceed.[1] Familiarity with the facts is assumed.

Under Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, No. 16-CV-2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point

---

[1] Although the plaintiff filed his motion for reconsideration after the 14-day deadline under Local Civil Rule 6.3, I address the merits of the plaintiff's motion. In any case, the plaintiff's motion under Federal Rule of Civil Procedure 60(b) is timely.

1

to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Federal Rule of Civil Procedure 60(b)(6), a catch-all provision, allows a court to relieve a party from final judgment for "any other reason that justifies relief" not already mentioned in Rule 60(b)(1) through (5). "[T]he standard for granting Fed. R. Civ. P. 60(b)(6) motions is strict, and requires [the moving party] to demonstrate 'extraordinary circumstances' to justify relief." *King v. People of the State of New York*, No. 11-CV-3810, 2016 WL 1056566, at *2 (E.D.N.Y. Mar. 16, 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The plaintiff's motion for reconsideration raises the same arguments raised in his response to the May 16, 2018 order to show cause. The plaintiff argues that his first cause of action for recovery of $124,675.38 is a new cause of action because he made those payments in 2016 and 2017. But the timing of his payments is irrelevant. As the state courts held, the plaintiff is barred from bringing any claims arising out of the partnership because of the position he took during his bankruptcy. *Goldman v. Rio*, 853 N.Y.S.2d 837 (N.Y. Sup. Ct. 2008).

The plaintiff argues that the second cause of action for accounting is viable because it was put on hold during the pendency of the bankruptcy, which was closed in 2016. However, the state courts already made a final adjudication on the merits that the petitioner is not entitled to an accounting, and thus this cause of action is barred by *res judicata*. *See Goldman v. Rio*,

961 N.Y.S.2d 288 (2d Dep't 2013) (affirming the dismissal of the plaintiff's action seeking an accounting against his former law partner, based on *res judicata*).

The plaintiff also appears to reiterate the grounds of his third cause of action for damages arising from his disbarment. However, this claim is also barred by *res judicata* as he could have raised it in his prior actions against the defendant.

I have reviewed the remainder of the respondent's arguments, and find no reason to reconsider my determination.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Hon. Ann M. Donnelly, U.S.D.J.
Chair of the Committee on Grievances
For the United States District Court
Eastern District of New York

Dated: Brooklyn, New York
      November 13, 2018

3